# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

|  |  |
|---|---|
| GERARDO REYES CRUZ,<br><br>                    Petitioner,<br><br>        v.<br><br>TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, et al.,<br><br>                    Respondents. | No. 8:26-cv-00996-BFM<br><br>**ORDER GRANTING HABEAS PETITION** |

Petitioner Gerardo Reyes Cruz filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April 27, 2026. (ECF 1.) For the reasons stated below, the Petition (ECF 1) is **granted**.

## FACTUAL BACKGROUND

Petitioner Gerardo Reyes Cruz is a noncitizen who is currently detained in the Adelanto ICE Processing Center, within the Central District of California. (ECF 1 ("Pet.") ¶ 13.) Petitioner entered the United States without inspection in 1993 and has lived in the United States since then. (Pet. ¶ 19.)

On October 28, 2013, DHS issued a Notice to Appear, alleging that Petitioner had entered without inspection. (ECF 1-2 at 2-3.)

Petitioner was detained on an unknown date. On March 25, 2026, Immigration Judge Curtis G. White issued an order denying release. (ECF 1-3 at 2-10.) IJ White stated that "[t]he Court does not have authority, jurisdiction, and venue for custody redetermination pursuant to Section 236(a) of the Immigration and Nationality Act." (ECF 1-3 at 4-5.)

In April 2026, Petitioner filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that his continued detention violates the Immigration and Nationality Act and the Court's orders in *Maldonado Bautista*. (Pet. ¶¶ 38-42.) He asked that the Court order a bond hearing. (Pet. ¶ 4.)

Respondents' Answer indicates that they "are not presenting an opposition argument to providing Petitioner a bond hearing at this time." (ECF 8 at 2.) In light of Respondents' concession with respect to the only relief sought in the Petition, the Court declines to hold the Petition to wait for Petitioner's Reply.

## ANALYSIS

Petitioner claims that his detention without a bond hearing violated the INA, regulations, and due process. (Pet. ¶¶ 38-51.) After review of the relevant authority, the Court agrees and thus recommends that his Petition be granted.

A court of this District found DHS's policy of denying bond hearings to individuals like Petitioner contrary to the INA, and issued a declaratory judgment to that effect. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, 2025 WL 3713987, at *8-*22, 32 (C.D. Cal. Dec. 18, 2025). In this District, at least, that decision has preclusive effect on the Respondents here, who were also Respondents in *Maldonado Bautista. Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., Inc.*, 632 F.3d 1111, 1123 (9th Cir. 2011). ("A declaratory judgment is 'legally binding on the parties' to a

case."). Petitioner is a *Maldonado Bautista* class member—that is, he entered without inspection, was not apprehended on arrival, and is not subject to detention under § 1226(c), 1225(b)(1), or § 1231. Under *Maldonado Bautista*, then, Petitioner is entitled to a bond hearing at which his detention is considered under § 1226(a). Given Respondents' concession, nothing more need be said. *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

## CONCLUSION

For the foregoing reasons, it is ordered that: (1) the Petition is granted as to Claims One pursuant to *Maldonado Bautista*; (2) Respondents are enjoined from continuing to detain Petitioner unless he is provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order; (3) in light of the narrow scope of relief sought in the Petition and the relief granted on Claim One, the Petition is denied as moot as to Claims Two, Three, and Four; (4) Petitioner shall file a status report no later than May 15, 2026, indicating whether there is any reason judgment should not be entered in the case. If Petitioner fails to file a status report, the Court will enter judgment.

DATED:  May 5, 2026

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

3